

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

GERALD C. MANN
XXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable I. Prdecki
County Auditor
Galveston County
Galveston, Texas

Dear Sir:

Opinion No. O-2385
Re: Whether the provisions of
Article 3899-b are broad
enough to permit the County
Auditor's approval of ex-
pense accounts to be allowed
out of the fees of office
for rental of offices for
the Justices and Constables.

Your letter of May 18, 1940, requesting the
opinion of this department on the above stated question
has been received. We quote from your letter as follows:

"Article 3899-b, Revised Civil Statutes,
1925, as amended, makes provision for the
Justices of the Peace to receive books and
stationery necessary in the performance of
their duties. This, the County has always
provided. At this time an expense account
has been rendered by precinct officials (who
are on a fee basis in this County) for the
allowance of an office rental charge. Sec-
tion 2 of this Article provides suitable
offices, etc., may in the discretion of the
Commissioners' Court be furnished to the
officials named the rein but does not provide
for offices for Justices of the Peace and Con-
stables.

"Your opinion is respectfully requested
as to whether the provisions in this Article
are broad enough to permit my approval of
expense accounts to be allowed out of the fees

of office for rental of offices for the
Justices and Constables."

Section 1 and 2 of Article 3899b read as follows:

"Section 1. There shall be allowed to
County Judges, Clerks of the District and County
Courts, Sheriffs, County Treasurers, Tax As-
sessors and Collectors, such books, stationery,
including blank bail bonds and blank complaints,
and office furniture as may be necessary for
their offices, to be paid for on the order of
the Commissioners Court out of the County Trea-
sury; and suitable offices shall also be provided
by the Commissioners Court for said officers at
the expense of the county. And such books and
stationery as are necessary in the performance
of their duties shall also be furnished Justices
of the Peace by said Commissioners Court. Pro-
vided all purchases herein must be approved by
Commissioners Court, and must be made under the
provisions of Article 1659, Revised Civil Statutes
of Texas, 1925.

"Section 2. Suitable offices and stationery
and blanks necessary in the performance of their
duties may in the discretion of the Commissioners
Court also be furnished to resident District
Judges, resident District and County Attorneys,
County Superintendents and County Surveyors, and
may be paid for an order of the Commissioners
Court out of the County Treasury.

Section (a) of Article 3899, Vernon's Annotated
Civil Statutes provides that:

"At the close of each month of his tenure
of office, each officer named herein who is com-
pensated on a fee basis shall make as part
of the report now required by law, an itemized
and sworn statement of all the actual and neces-
sary expenses incurred by him in the conduct
of his office, such as stationery, stamps, tele-
phone, premium on officials' bonds, including the
cost of surety bonds for his Deputies, premium
on fire, burglary, theft, robbery insurance
protecting public funds, traveling expense, and
other necessary expense. . .If such expenses
be incurred in connection with any particular
case, such statement shall name such case. Such

expense account shall be subject to the audit
of the county auditor, attorney, otherwise by
the Commissioners Court; and if it appears that
any item of such expense was not incurred by
such officer or such item was not a necessary
expense of office, such item shall be by such
auditor or court rejected, in which the collec-
tion of such item may be adjudicated in any court
of competent jurisdiction.  The amount of salary
paid to assistants and deputies shall also be
clearly shown by such officer, giving the name,
position and amount paid each; and in no event
shall any officer show any greater amount than
actually paid any such assistant or deputy.  The
amount of such expenses, together with the amount
of salaries paid to assistants, deputies and
clerks, shall be paid out of the fees earned by
such officer. . ."

Article 3891, Vernon's Annotated Civil Statutes
reads in part as follows:

"Each officer named in this chapter shall
first out of the current fees of his office pay
or be paid the amount allowed him under the pro-
visions of Article 3883, together with the
salary of his assistants and deputies and author-
ized expenses under Article 3899, and the amount
necessary to cover cost of premium on whatever
surety bond may be required by law.  If the cur-
rent fees of such office collected in any year
be more than the amount needed to pay the amounts
above specified, same shall be deemed excess
fees and shall be disposed of in the manner here-
inafter provided. . ."

The authorized expenses which may be deducted
under Article 3899, supra, are such expenses as are enumerated
therein, and only those expenses are to be paid
from fees earned by the officers.

In view of the foregoing statutes you are re-
spectfully advised that it is the opinion of this depart-
ment that expenses for office rent for the Justices of
the Peace and Constables are not similar to the items of
expense provided for by the above mentioned statutes, and

that the Justices of the Peace and Constables are not entitled to deduct items of expenses incurred by them from fees of their offices that would be otherwise payable to the county. Therefore your question is respectfully answered in the negative.

Trusting that the foregoing satisfactorily answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          Ardell Williams
                  Assistant

AW: pbp --pam
APPROVED JUN 1, 1940
GROVER SELLERS
FIRST ASSISTANT
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY BWB, CHAIRMAN